UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY, ELQ
INDUSTRIES INC., and COUNTY OF WESTCHESTER,    No.: 26-cv-2874

                Plaintiffs,

**COMPLAINT**

        -against-

AXIS INSURANCE COMPANY,

                Defendant.
-------------------------------------------------------------------X

    Plaintiffs, The Travelers Indemnity Company ("Travelers"), ELQ Industries Inc. ("ELQ"), and County of Westchester (the "County") (collectively, "Plaintiffs"), by their attorneys, Rivkin Radler, LLP, as and for their complaint herein, alleges upon information and belief as follows:

## Nature of the Action

1.    In this action, Plaintiffs seek a declaration that Defendant, AXIS Insurance Company ("AXIS"), has a primary and non-contributory duty to defend and to indemnify ELQ and the County in an underlying bodily injury and wrongful death action entitled, *Lisa Nikpreljaj, as Administrator of the Estate of Kole Nikprelaj, and Dila Bujaj v. ELQ Industries, Inc., et al.,* Index No. 64609/2024 (New York Supreme Court, Westchester County) (the "Underlying Action"), as additional insureds under an AXIS general liability policy (the "AXIS Policy") issued to Non-Party, Verde Electric Corp. ("Verde"), and a duty to reimburse past defense costs paid by Travelers.

2.    In the Underlying Action, the Estate of Kole Nikprelaj and Dila Bujaj (the "Claimants") seek damages for alleged injuries sustained by Mr. Nikprelaj that resulted in his

death and alleged injuries sustained by Ms. Bujaj on July 9, 2023 when they were both electrocuted at Wright Island Marina in New Rochelle, New York (the "Marina").

## The Parties

3.      At all times relevant hereto, Plaintiff, Travelers, was and is a Connecticut corporation with a principal place of business in Connecticut that is licensed to do business in the State of New York and engaged in the business of issuing policies of liability insurance in the State of New York.

4.      At all times relevant hereto, Plaintiff, ELQ, was and is a New York corporation with a principal place of business in New Rochelle, New York.

5.      At all times relevant hereto, Plaintiff, the County, was and is a New York municipal corporation with a principal place of business in New York.

6.      At all times relevant hereto, Defendant, AXIS, was and is an Illinois corporation with a principal place of business in Georgia that is licensed to do business in the State of New York and engaged in the business of issuing policies of liability insurance in the State of New York, including the AXIS Policy at issue in this action.

## Jurisdiction and Venue

7.      This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8.      There is complete diversity of citizenship between Plaintiffs, Travelers, ELQ and the County, and Defendant, AXIS, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper pursuant to pursuant to 28 U.S.C. § 1391(b)(2).

2

**Background Facts**

10.     Prior to the Accident, the County retained ELQ to be the general contractor for a sewer system rehabilitation project that involved work performed on an easement adjacent to the Marina (the "Project").

11.     By written subcontract agreement dated September 17, 2021, ELQ retained Verde to perform the electrical work necessary for the Project which included the relocation of an electrical panel and the installation of new electrical equipment (the "Subcontract").

12.     Verde was required under its Subcontract to furnish all necessary labor, materials, construction equipment and permits to perform its work and was required to take all necessary precautions to comply with safety requirements in accordance with appliable law, ordinances, rules, and regulations.

13.     Pursuant to the Subcontract, Verde agreed to be "fully responsible for all means and methods" of its work, including all safety measures.

14.     Pursuant to the Subcontract, Verde was required to procure and to maintain commercial general liability and umbrella/excess liability insurance, including for completed operations, and to name ELQ and the County as additional insureds on such insurance on a primary and non-contributory basis.

15.     Mr. Nikprelaj and Ms. Bujaj were allegedly injured on July 9, 2023 when they were electrocuted at the Marina (the "Accident"). Mr. Nikprelaj did not survive.

16.     Non-Party, Better Homes Electrical Inspection Services Inc. ("Better Homes"), investigated the Accident and reported its findings to the Commissioner of Building by report dated July 10, 2023. According to the report, Better Homes' inspector visited the Marina in the morning of July 10 (the day after the Accident) and "found an outdoor splice box that did not

have an equipment grounding conductor connected, as per the National Electrical Code in these articles: 250.118, 250.122, 352.60 & 555.15. This splice box is feeding the main panel powering the left side dock area, where the incident occurred. After accessing [sic] the situation further, we found that there is no equipment grounding conductor present where needed. This must be corrected, for the safety of others moving forward, as per NEC standards. It is my recommendation to repair all existing violations, effective immediately."

17.     Based, in part, upon Better Homes' inspection report, the City of New Rochelle issued a Notice of Violation to the Marina on July 31, 2023. According to the Notice, an investigation took place to identify the cause of the Accident. "After investigating, it appears that a relocation of an existing electrical panel was not properly grounded causing a charge in the surrounding water around the dock." The Notice further states that the electrical work was done without the required permit.

18.     The Claimants filed the Underlying Action against ELQ, the County, Verde, and others seeking damages for the alleged injuries sustained by Mr. Nikprelaj that resulted in his death and the alleged injuries sustained by Ms. Bujaj as a result of the Accident.

19.     In the Underlying Action, the Claimants allege that Mr. Nikprelaj sustained severe electrical shock and electrocution when he grabbed onto an aluminum railing on the dock of the Marina, adjacent to the easement, and Ms. Bujaj sustained severe electrical shock trying to aid Mr. Nikprelaj when she came into contact with him and/or the railing.

20.     In the Underlying Action, the Claimants allege that the Accident was caused by, among other things, defendants' negligence in failing to ground the electrical system at the Marina, "including but not limited to an electrical panel, marine cable, splice box, electric gate and/or otherwise faulty wiring that was negligently relocated and/or damaged during

construction, causing the surrounding water around the dock at the Wright Island Marina to be electrified."

21.    In the Underlying Action, the Claimants allege that Verde knew or should have known that the electrical panel and accompanying wires, cables, junction boxes and splice boxes it relocated and/or installed were improperly grounded prior to July 9, 2023 and Verde allegedly failed to perform the electrical work with the required permit in violation of laws, rules, codes, and regulations.

22.    Travelers is defending ELQ and the County in the Underlying Action subject to the availability of other insurance, i.e. the AXIS Policy.

### The Insurance Policies

23.    Travelers issued Commercial General Liability Policy VTC2K-CO-1W266615-IND-23 to ELQ for the policy period March 31, 2023 to March 31, 2024 with a $2 million each occurrence limit of liability (the "Travelers Policy").

24.    The Travelers Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

25.    The Travelers Policy contains an excess "other insurance" clause that provides that coverage under the Travelers Policy is excess over any other insurance, whether primary, excess, contingent or on any other basis that is available to the insured as an additional insured.

26.    AXIS issued Commercial General Liability Policy P-001-001038421-01 to Verde for the policy period October 30, 2022 to October 30, 2023 with a $2 million each occurrence limit of liability (the "AXIS Policy").

27.     The AXIS Policy generally provides coverage for damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

28.     The AXIS Policy provides additional insured coverage to ELQ and the County for liability for bodily injury "caused, in whole or in part, by" Verde's work at the Project.

29.     Additional insured coverage for ELQ and the County under the AXIS Policy is primary to and non-contributory with other insurance, i.e. the Travelers Policy, when required by written contract, as here.

### Tender to AXIS

30.     Travelers timely notified AXIS of the Accident and Underlying Action and tendered to AXIS the defense and indemnification of ELQ and the County.

31.     To date, AXIS has failed to acknowledge and to honor its coverage obligation, despite repeated requests.

32.     An actual controversy exists between Plaintiffs and AXIS with respect to AXIS's duty to defend and to indemnify ELQ and the County in the Underlying Action.

33.     Plaintiffs have no adequate remedy at law.

### Claim for Declaratory Relief

34.     Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "33" as if fully set forth herein.

35.     The AXIS Policy was in full effect on the date of the Accident.

36.     All terms and conditions of the AXIS Policy, including payment of premiums, have been complied with and met.

37.     ELQ and the County are additional insureds under the AXIS Policy for their

alleged liability in the Underlying Action.

38.     The Accident and the Underlying Action fall within the coverage afforded to ELQ and the County by the AXIS Policy.

39.     Pursuant to the AXIS Policy, ELQ and the County are entitled to defense and indemnification from AXIS in connection with the Underlying Action on a primary and non-contributory basis, and Travelers is entitled to reimbursement for all amounts paid to defend and/or to indemnify ELQ and the County in the Underlying Action.

### Claim for Breach of Contract

40.     Plaintiffs reallege the allegations contained in paragraphs "1" through "39" as if fully set forth herein.

41.     The AXIS Policy was in full effect on the date of the Accident at issue in the Underlying Action.

42.     The Accident and the claims against ELQ and the County in the Underlying Action fall within the coverage of the AXIS Policy.

43.     All terms and conditions of the AXIS Policy, including payment of premiums, have been complied with and met.

44.     AXIS has a primary and non-contributory obligation to defend ELQ and the County in the Underlying Action as additional insureds under the AXIS Policy.

45.     AXIS has breached its primary and non-contributory obligation to defend ELQ and the County in the Underlying Action.

46.     As a result of AXIS's breach of its obligation to defend ELQ and the County in the Underlying Action, Travelers has been required to defend ELQ and the County in the Underlying Action at Travelers' sole expense.

47.     Plaintiffs have suffered and will continue to suffer on account of AXIS's refusal to fulfill its obligation under the AXIS Policy to defend ELQ and the County in the Underlying Action.

48.     AXIS is liable for any and all damages by virtue of its breach of its primary and non-contributory obligation to defend ELQ and the County in the Underlying Action, including as to past defense costs.

## Claim for Restitution

49.     Plaintiffs reallege the allegations contained in paragraphs "1" through "48" as if fully set forth herein.

50.     AXIS is obligated to defend ELQ and the County in the Underlying Action.

51.     AXIS has refused to defend ELQ and the County in the Underlying Action.

52.     As a result of AXIS's refusal to defend ELQ and the County in the Underlying Action, Travelers has been required to defend ELQ and the County in the Underlying Action at its sole expense.

53.     AXIS has been unjustly enriched in an amount equal to amounts paid to defend ELQ and the County in the Underlying Action.

54.     AXIS is required to make restitution because AXIS will otherwise be unjustly enriched.

## Claim for Equitable Contribution

55.     Plaintiffs reallege the allegations contained in paragraphs "1" through "54" as if fully set forth herein.

56.     AXIS is obligated to defend ELQ and the County in the Underlying Action.

57.     AXIS has refused to defend ELQ and the County in the Underlying Action.

58.     As a result of AXIS's refusal to defend ELQ and the County in the Underlying Action, Travelers has been required to defend ELQ and the County in the Underlying Action at its sole expense.

59.     Travelers is entitled to equitable contribution from AXIS for amounts paid to defend ELQ and the County in the Underlying Action.

<div align="center"><b><u>Prayer for Relief</u></b></div>

**WHEREFORE**, Travelers respectfully request that the Court enter a judgment as follows:

a)     Declaring that AXIS has a duty to defend and to indemnify ELQ and the County in the Underlying Action as additional insureds under the AXIS Policy on a primary and noncontributory basis;

b)     Declaring that AXIS must reimburse Travelers for past defense costs and expenses to defend ELQ and the County in the Underlying Action;

c)     Awarding Plaintiffs all damages incurred by virtue of AXIS's breach of its obligation to defend ELQ and the County in the Underlying Action;

d)     Awarding Plaintiffs as restitution an amount equal to amounts paid to defend ELQ and the County in the Underlying Action by virtue of AXIS's unjust enrichment;

e)     Awarding Plaintiffs equitable contribution from AXIS for amounts paid to defend ELQ and the County in the Underlying Action; and

f)     Awarding attorneys' fees, costs and interest, and such other relief as this Court may deem necessary and proper.

Dated: Uniondale, New York
       April 8, 2026

<div style="margin-left:40%">

RIVKIN RADLER LLP
Attorneys for Plaintiffs

By:   /s/ *Michael F. Panayotou*
       Joanne M. Engeldrum
       Michael F. Panayotou
       926 RXR Plaza
       Uniondale, New York 11556-0926
       (516) 357-3000
       joanne.engeldrum@rivkin.com
       michael.panayotou@rivkin.com

</div>

4899-2492-5330, v. 1